1999 ME 37

**SOUTHERN MAINE PROPERTIES CO., INC.**

v.

**Steven G. JOHNSON.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 28, 1998.

Decided Feb. 19, 1999.

Christopher G. Jernigan, Drummond, Woodsum & MacMahon, Portland, for plaintiff.

Ralph A. Dyer, Portland, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

DANA, J.

[¶ 1]   Steven G. Johnson appeals from an order of the Superior Court (Cumberland County, *Mills, J.*) granting an attachment and an attachment by trustee process for back rent owed to Southern Maine Properties Co., Inc. (SMP).   On appeal, Johnson argues that the court violated his constitutional right to a hearing by granting the attachments without oral argument.   We disagree and affirm the judgment of the Superior Court.

[¶ 2]   Johnson is the principal shareholder and chief executive officer of Occupational Medicine Associates (OMA).   In 1988 SMP and Johnson entered into a five-year lease of office space in Portland.   In 1992 the parties signed a five-year lease extension.   In October 1996, SMP and OMA began negotiating over another amendment to the lease in which OMA would become the tenant to the premises and assume Johnson's obligations.   An amendment was drafted substituting OMA for Johnson, but negotiations failed when Johnson refused to personally guarantee the rental obligation and none of the parties signed the proposed amendment.

[¶ 3]   Johnson continued in possession of the premises after the expiration of the 1992 lease.   In January 1998 the court issued a writ of possession granting SMP the right to immediate possession.   SMP then filed a complaint and a motion for an attachment and an attachment by trustee process in the amount of $104,839.89.   In his answer, Johnson asserted that SMP had either relieved him of his obligations pursuant to the 1992 lease or had agreed to its novation and the substitution of OMA as the tenant.

[¶ 4]   On February 8, 1998, without oral argument, the Superior Court (Cumberland County, *Mills, J.*) granted SMP's motion for an attachment and an attachment by trustee process.   On February 12 Johnson moved for reconsideration of the court's order which the court denied on March 14.   On April 3 Johnson appealed.

## I.   REQUEST FOR RECONSIDERATION AND TIMELINESS OF APPEAL

[¶ 5]   SMP argues that Johnson did not file a timely appeal.   In response, Johnson argues that the filing of his motion for reconsideration tolled the running of the appeal period.   We agree and conclude that Johnson's appeal was timely.   The Maine Rules of Civil Procedure do not specifically provide for a motion for reconsideration, however, we treat such a motion as a motion to alter or amend a judgment pursuant to M.R. Civ. P. 59(e) or as a motion for relief from judgment pursuant to M.R. Civ. P. 60(b).   *Madore v. Maine Land Use Regulation Comm'n*, 1998 ME 178, ¶ 15, 715 A.2d 157, 161; *see* M.R. Civ. P. 59(e);[1] M.R. Civ. P. 60(b).[2]   A prejudgment attachment order is not a proper subject of a motion seeking relief from a judgment pursuant to Rule 60(b).   *See Spack v. Puorro*, 1997 ME 13, ¶ 2,

---

1.   M.R. Civ. P. 59(e) provides:
    Motion to Alter or Amend a Judgment.   A motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment.

2.   M.R. Civ. P. 60(b) provides in pertinent part:

Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc.   On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a final judgment, order, or proceeding . . . .

689 A.2d 589, 589. To hold that Rule 59(e) is also inapplicable to prejudgment attachment orders would require parties to appeal to the Law Court to remedy even inadvertent errors by the trial court. Consequently, we treat Johnson's motion for reconsideration as a timely motion to alter or amend a judgment pursuant to Rule 59(e). The filing of the motion tolls the running of the appeal period. M.R. Civ. P. 73(a) ("[T]he full time for appeal ... commences to run and is to be computed from the entry of [an order] ... granting or denying a motion under Rule 59 to alter or amend judgment ....."). Johnson, therefore, filed a timely notice of appeal.

## II. ORAL ARGUMENT FOR MOTION FOR ATTACHMENT

[¶ 6] Johnson argues that the court violated his due process right to a hearing when it ordered the attachment without oral argument. We disagree.

■ [¶ 7] A prejudgment attachment violates due process "if the owner of the property attached has not had prior notice of the attachment and opportunity at a meaningful time to be heard concerning whether the attachment would arbitrarily or unfairly deprive him of his property." *Perkins v. McGonagle*, 342 A.2d 287, 291 (Me.1975); *see also Fuentes v. Shevin*, 407 U.S. 67, 97, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972). Accordingly, M.R. Civ. P. 4A(c) requires that an order approving an attachment "may be entered only after notice to the defendant and hearing and upon a finding by the court that it is more likely than not that the plaintiff will recover judgment ... in an amount equal to or greater than the aggregate sum of the attachment ...."

3. The Pilot Project directing all civil matters to be assigned to a single justice was established August 12, 1993 by order of the Chief Justice of the Superior Court (*Delahanty, C.J.*). Administrative Order SJC–323, Special Assignment of Civil Cases in Cumberland and Somerset Counties (Aug. 12, 1993). The Chief Justice of the Superior Court (*Cole, C.J.*) approved and extended the Pilot Project and the local rules on September 17, 1996. Amendment to Administrative Order SJC–323, Special Assignment of Civil Cases in Cumberland County (Sept. 17, 1996).

■ [¶ 8] Notwithstanding the requirement of M.R. Civ. P. 4A(c) that the court hold a "hearing," we have held that a formal hearing with oral argument is not required in a motion for attachment. *See Atlantic Heating Co. v. Lavin*, 572 A.2d 478, 479 (Me.1990) (trial court did not err when it ruled on motion for attachment without oral argument). Trial courts, as a matter of general practice, should accord litigants an opportunity for a hearing when that opportunity is provided in the Rules, as it is in Rule 4A(c). In Cumberland County, by special order of the court, however, "[a]ll non-dispositive motions will be decided by the court without oral argument." [3] Moreover, in this case, Johnson was given adequate opportunity to make his position known to the court by filing memoranda, affidavits, and anything else he chose to present, in writing, in opposition to the motion for attachment. In reviewing the record, he has not demonstrated any prejudice that occurred to him as a result of not being accorded an oral hearing following the written submissions he had the opportunity to present.

[¶ 9] The vacating of an order entered after a procedural error is not automatic. To vacate such an order, this Court must determine that it was entered after a process that was "inconsistent with substantial justice." M.R. Civ. P. 61. We have held that an appellant, to be successful, must demonstrate both error and prejudice resulting to the appellant from the claimed error. *See Phillips v. Eastern Me. Med. Ctr.*, 565 A.2d 306, 308 (Me.1989); FIELD & MURRAY, *Maine Evidence* § 103.5 (4th ed.1997). Because no prejudice is demonstrated from the lack of an in-court hearing here, the error, if any, in not according an in-court hearing is harmless.

[¶ 10] Finally, we conclude that Johnson's remaining claims are without merit.[4]

The local rules include the Order Supplementing the Expedited Pre–Trial Order, providing that "[a]ll non-dispositive motions will be decided by the court without oral argument." Order Supplementing Expedited Pre–Trial Order, revised June 1, 1997, and June 9, 1998.

4. Johnson's principal remaining claim is that SMP filed a supplemental affidavit and memorandum of law addressing deficiencies in SMP's motion called to the court's attention in Johnson's response. Johnson claims that he was not

The entry is:

Judgment affirmed.

given an adequate opportunity to respond to SMP's supplemental affidavit and memorandum of law prior to the court's ruling. Any deficiencies or prejudice was remedied when the court reconsidered its order in response to Johnson's motion.