**DRESDNER BANK AG, Plaintiff,**

v.

**Imhad HAQUE, Defendant.**

**No. 00 CIV. 1655(SAS).**

United States District Court,
S.D. New York.

April 11, 2001.

Stephen S. Hart, Esq., Alston & Bird, LLP (formerly Walter, Conston, Alexander & Green, P.C.), New York City, for Plaintiff.

Ralph P. Casella, Esq., Ralph P. Casella, P.C. & Associates, Staten Island, NY, for Defendant.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

Dresdner Bank AG (the "Bank" or "plaintiff") brings this diversity action against Imhad Haque (the "defendant") pursuant to New York Civil Practice Law and Rules ("CPLR") Article 53 and New York common law. The Bank now moves for summary judgment under Rule 56(c) of the Federal Rules of Civil Procedure. For the following reasons, plaintiff's motion for summary judgment is granted.

## I. FACTUAL BACKGROUND [1]

On February 27, 1998, plaintiff sued defendant in Germany on defendant's personal guaranty of the obligations of a German corporate entity (the "German Action").[2] *See* Plaintiff's Local Rule 56.1 Statement ("Pl.56.1") ¶¶ 1–2. The complaint was served in Hamburg, on Thomas Luba, who had been authorized by defendant to accept service of process on his behalf. *See id.* ¶ 3. On May 11, 1998, defendant filed an answer to the complaint, denying liability. *See id.* ¶ 12. On June 16, 1998, plaintiff filed a reply to defendant's answer. *See id.* ¶ 14. On June 30, 1998, defendant filed a response to plaintiff's reply. *See id.* ¶ 15.

On July 9, 1998, a trial was held before a three judge panel of the Landgericht Hamburg (the "Trial Court").[3] *See id.* ¶ 16. The trial concluded the same day

---

**1.** The material facts contained in plaintiff's Local Rule 56.1 statement are deemed admitted because of defendant's failure to respond. *See* Local Civil Rule 56.1(c), Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York ("All material facts set forth in the statement required to be served by the moving party will be deemed admitted unless controverted by the statement required to be served by the opposing party."); · *see also Dusanenko v. Maloney,* 726 F.2d 82, 84 (2d Cir.1984).

**2.** The German company filed a bankruptcy petition under German law on April 2, 1998. *See* 12/7/00 Declaration of Michael Nicolaus, plaintiff's attorney in the German Action, at 4.

**3.** A precise translation is "Regional Court of Hamburg," which is a court of general jurisdiction. *See* Pl. 56.1 ¶ 2.

and a judgment was rendered in plaintiff's favor in the amount of 3,000,000 Deutsche Marks ("DM") plus interest thereon from December 13, 1997, at the rate of five percent above the Deutsche Bundesbank's discount rate.[4] *See id.* ¶ 17.

On August 12, 1998, the Trial Court awarded costs in plaintiff's favor in the amount of DM 64,123.40, plus interest on that amount from July 31, 1998 at the rate of four percent, in connection with the proceedings in the Trial Court. *See id.* ¶ 19. On August 31, 1998, defendant's counsel in the German Action filed a notice of appeal with the Hanseatisches Oberlandesgericht (the "Appellate Court").[5] *See id.* ¶ 20. On December 22, 1998, the Appellate Court issued a judgment affirming the Trial Court's judgment. *See id.* ¶ 23. On January 27, 1999, the Trial Court awarded costs in plaintiff's favor in the amount of DM 36,917.00, plus interest from January 13, 1999, at the rate of four percent, in connection with the appeal. *See id.* ¶ 24.

Defendant initiated a plenary action to attack the Trial Court's judgment, but by a May 15, 1999 judgment of the Trial Court and a July 9, 1999 judgment of the Appellate Court, the judgment was reaffirmed in its entirety. *See id.* ¶ 25. On May 17, 1999, the Trial Court awarded costs in the plaintiff's favor in the amount of DM 14,327.40, plus interest from May 7, 1999, at the rate of four percent, in connection with the plenary action. *See id.* ¶ 26.

The judgment and all three awards of costs by the Trial Court are final, conclusive, and enforceable in Germany. *See id.*

¶ 27. They remain unsatisfied, in full force and effect, and no appeals are pending. *See id.* Defendant has never claimed: that the Trial Court or the Appellate Court lacked jurisdiction over defendant's person or the subject matter of the litigation; that it was an inconvenient forum; that he had not received notice of the proceedings in sufficient time to enable him to defend; that any of the judicial decisions rendered were obtained by fraud or conflicted with another final and conclusive judgment; or that the proceeding was contrary to any agreement between the parties under which the underlying dispute was to be settled other than by proceeding in those courts. *See id.* ¶ 28.

## II. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure provides for summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). "An issue of fact is 'material' for these purposes if it 'might affect the outcome of the suit under the governing law[,]' [while] [a]n issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Konikoff v. Prudential Ins. Co. of Am.*, 234 F.3d 92, 97 (2d Cir.2000) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

In assessing the record to determine whether genuine issues of material fact

---

4. The Deutsche Bundesbank's discount rate is quoted as follows: December 13, 1997, through May 1, 1999, 2.5%; May 2, 1999, through January 1, 2000, 1.95%; January 2, 2000, through May 1, 2000, 2.68%; May 2, 2000, through September 1, 2000, 3.42%; and September 2, 2000 through December 11, 2000, 4.26%. *See* Pl. 56.1 ¶ 18. This information is published by the German Department of Justice in an official publication entitled "Bundesanzeiger." *See id.*

5. A precise translation is "Hanseatic Court of Appeals," which has appellate jurisdiction over decisions and judgments of the Landgericht Hamburg. *See* Pl. 56.1 ¶ 20.

are in dispute, a court must resolve all ambiguities and draw all reasonable factual inferences in favor of the non-moving party. *See Parkinson v. Cozzolino,* 238 F.3d 145, 150 (2d Cir.2001). "Although the moving party bears the initial burden of establishing that there are no genuine issues of material fact, once such a showing is made, the non-movant must 'set forth specific facts showing that there is a genuine issue for trial.'" *Weinstock v. Columbia Univ.,* 224 F.3d 33, 41 (2d Cir.2000) (quoting *Anderson,* 477 U.S. at 256, 106 S.Ct. 2505). However, the non-moving party may not "rest upon . . . mere allegations or denials." *St. Pierre v. Dyer,* 208 F.3d 394, 404 (2d Cir.2000). "Statements that are devoid of any specifics, but replete with conclusions, are insufficient to defeat a properly supported motion for summary judgment." *Bickerstaff v. Vassar Coll.,* 196 F.3d 435, 452 (2d Cir.1999), *cert. denied,* 530 U.S. 1242, 120 S.Ct. 2688, 147 L.Ed.2d 960 (2000); *see also Scotto v. Almenas,* 143 F.3d 105, 114 (2d Cir.1998) ("If the evidence presented by the non-moving party is merely colorable, or is not significantly probative, summary judgment may be granted.") (internal quotation marks, citations, and alterations omitted).

## III. DISCUSSION

### A. New York CPLR Article 53

Plaintiff seeks to enforce the German judgment and three subsequent awards of costs, pursuant to both Article 53 of the CPLR and New York common law.[6] Article 53 of the CPLR "applies to any foreign country judgment which is final, conclusive and enforceable where rendered even though an appeal therefrom is pending or it is subject to appeal." N.Y. C.P.L.R. § 5302 (McKinney 2000). Such a judg-

ment is "conclusive between the parties to the extent that it grants or denies recovery of a sum of money." N.Y. C.P.L.R. § 5303 (McKinney 2000).

Section 5304 of the CPLR enumerates grounds for the non-recognition of a foreign country judgment. *See* N.Y. C.P.L.R. § 5304 (McKinney 2000). A foreign country judgment is not conclusive if either of the following two circumstances exists: (1) "the judgment was rendered under a system which does not provide impartial tribunals or procedures compatible with the requirements of due process of law"; or (2) "the foreign court did not have personal jurisdiction over the defendant." N.Y. C.P.L.R. § 5304(a) (McKinney 2000). Similarly, a foreign country judgment "need not be recognized" if:

> (1) the foreign court did not have jurisdiction over the subject matter; (2) the defendant in the proceedings in the foreign court did not receive notice of the proceedings in sufficient time to enable him to defend; (3) the judgment was obtained by fraud; (4) the cause of action on which the judgment is based is repugnant to the public policy of this state; (5) the judgment conflicts with another final and conclusive judgment; (6) the proceeding in the foreign country was contrary to an agreement between the parties under which the dispute in question was to be settled otherwise than by proceedings in that court; or (7) in the case of jurisdiction based only on personal service, the foreign court was a seriously inconvenient forum for the trial of the action.

N.Y. C.P.L.R. § 5304(b) (McKinney 2000).

### B. Burden of Proof

█ The burden of proof in "establishing the conclusive effect of a foreign

---

**6.** Article 53 of the CPLR was principally a codification of pre-existing New York law, which already favored the enforcement of for-

eign money judgments. *See Island Territory of Curacao v. Solitron Devices, Inc.,* 489 F.2d 1313, 1318 n. 6 (2d Cir.1973).

judgment is on the party asserting conclusiveness." *Bridgeway Corp. v. Citibank,* 45 F.Supp.2d 276, 286 (S.D.N.Y.1999) (quoting 11 Jack B. Weinstein et al., New York Civil Practice ¶ 5302.01 (1998)), *aff'd,* 201 F.3d 134 (2d Cir.2000). As the Second Circuit has explained:

> [A] plaintiff seeking enforcement of a foreign country judgment granting or denying recovery of a sum of money must establish prima facie: (1) a final judgment, conclusive and enforceable where rendered; (2) subject matter jurisdiction; (3) jurisdiction over the parties or the res; and (4) regular proceedings conducted under a system that provides impartial tribunals and procedures compatible with due process.

*Ackermann v. Levine,* 788 F.2d 830, 842 n. 12 (2d Cir.1986) (citations omitted). Although the *Ackermann* court did not specify how these burdens apply with respect to Article 53 of the CPLR, "it would appear that the plaintiff seeking enforcement of the foreign judgment bears the burden of proving that no mandatory basis for non-recognition pursuant to CPLR § 5304(a) exists, and that the defendant opposing enforcement has the burden of proving that a discretionary basis for non-recognition pursuant to CPLR § 5304(b) applies." *Bridgeway,* 45 F.Supp.2d at 286 (citing *S.C. Chimexim, S.A. v. Velco Enters. Ltd.,* No. 98 Civ. 0142, 1999 WL 223513, at *6 (S.D.N.Y. Mar. 17, 1999)).

### C. Application

██  The plaintiff has met its burden of proof. Plaintiff asserts that the German court system provides impartial tribunals and procedures compatible with due process.[7] *See* Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment ("Pl.Mem.") at 8. With respect to personal jurisdiction, Section 5305(a) of the CPLR provides in part that:

> [T]he foreign country judgment shall not be refused recognition for lack of personal jurisdiction if: (1) the defendant was served personally in the foreign state; [or] (2) the defendant voluntarily appeared in the proceedings, other than for the purpose of protecting property seized or threatened with the seizure in the proceedings or of contesting the jurisdiction of the court over him . . . .

N.Y. C.P.L.R. § 5305(a) (McKinney 2000). Defendant was personally served in the German Action, because his contractually appointed agent for service of process, Mr. Luba, was served in Hamburg. Defendant also voluntarily appeared in the proceedings and defended the complaint on its merits. Plaintiff asserts that either of these events establish that the German courts had personal jurisdiction over the defendant. *See* Pl. Mem. at 9. I agree. Therefore, the plaintiff has met its burden of proof with respect to Section 5304(a) of the New York CPLR.

The defendant, on the other hand, has offered no evidence to prove any of the grounds for non-recognition under Section 5304(b) of the CPLR. The defendant, in his Answer, alleges as affirmative defenses, the grounds for non-recognition enumerated in Sections 5304 of the New York CPLR.[8] *See* Verified Answer with Affirma-

---

7. Plaintiff notes that the German court system has been found to provide impartial tribunals or procedures compatible with the requirements of due process of law. *See Baumgart v. Fairchild Aircraft Corp.,* 981 F.2d 824, 835 (5th Cir.1993); *Martin v. Volger,* 1993 WL 462853, at *1–2, 1993 U.S. Dist. LEXIS 15878, at *2–5 (N.D.Ill. Nov. 9, 1993).

8. Defendant's Answer alleges all of the grounds for non-recognition in Section 5304(b), with the exception of Section 5304(b)(5). *See* Verified Answer with Affirmative Defenses, Ex. B to 12/8/00 Declaration of Stephen S. Hart, plaintiff's attorney, at 2.

tive Defenses, Ex. B to 12/8/00 Declaration of Stephen S. Hart, plaintiff's attorney, at 2. Nonetheless, defendant has offered no evidence to prove these allegations. As noted earlier, defendant never responded to plaintiff's Local Rule 56.1 statement. Therefore, defendant relies solely on his Answer in opposing the instant motion.

Rule 56(e) of the Federal Rules of Civil Procedure states that "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading." Fed.R.Civ.P. 56(e). In addition, Rule 56(e) states that "[i]f the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party." The Second Circuit has announced that "litigants should be on notice from the very publication of Rule 56(e) that a party faced with a summary judgment motion 'may not rest upon the mere allegations or denials' of the party's pleading and that if the party does not respond properly, 'summary judgment, if appropriate, shall be entered' against him." *Champion v. Artuz*, 76 F.3d 483, 485 (2d Cir. 1996) (quoting *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir.1988)).[9]

Defendant's Answer is conclusory, and provides no specific evidence to prove any of the grounds for non-recognition under Section 5304(b). In fact, defendant never asserted any of these grounds in the German Action. *See* Pl. 56.1 ¶ 28. Therefore, defendant has not met his burden. Because there is no genuine dispute that the plaintiff is entitled to judgment as a matter of law, plaintiff's motion for summary judgment is granted.

## IV. CONCLUSION

For the reasons stated above, plaintiff's motion for summary judgment is granted. Plaintiff is directed to submit a proposed judgment to this Court forthwith.

SO ORDERED.

---

9. After receiving plaintiff's motion for summary judgment on or about December 15, 2000, defendant's counsel, Ralph Casella, attempted unsuccessfully to contact his client on several occasions. On or about December 21, 2000, Mr. Casella received a letter from Anthony Toto, defendant's United States representative, indicating that the defendant no longer wished to be represented by Mr. Casella in this matter. The letter further stated that Mr. Casella would be notified shortly regarding defendant's new counsel. After hearing nothing further from the defendant, on or about January 24, 2001, Mr. Casella moved to be relieved as counsel. On February 9, 2001, this Court informed defendant by letter that if he did not respond to plaintiff's motion for summary judgement, the motion would be decided based solely on the moving papers. Defendant has not responded to the Court's letter, nor has he indicated to the Court that he has obtained new counsel.