STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-12-153

STATE OF MAINE
Cumberland ss. Clerk's Office

JUL 30 2012

RECEIVED

ROCKINGHAM ELECTRICAL SUPPLY
CO., INC.,

     Plaintiff

     v.

ORDER

BARBARA FLORIDINO d/b/a FLORIDINO
ELECTRIC CO.,

     Defendant

Before the court is plaintiff's renewed motion for an attachment. Plaintiff originally sought an attachment at the time it filed its complaint in the District Court. Although plaintiff did not seek an ex parte attachment, an attachment was ordered in error before defendant had notice of the motion for attachment. The attachment order was thereafter vacated by agreement and the case has been removed to Superior Court.

Plaintiff now renews its motion for an attachment based on its original motion papers, which included a verified complaint. Defendant has incorporated her earlier opposition papers, which – in addition to her objection that an attachment had been ordered without adequate notice – contended that an attachment could not be ordered without a hearing and that the jurat of the verified complaint did not comply with M.R.Civ.P. 4A(i).

On the issue is whether a hearing is required, due process and the applicable rules are satisfied if the party opposing attachment has had the opportunity to be heard in opposition by submitting opposition papers. Neither oral argument nor an

evidentiary hearing is required. <u>See</u> <u>Southern Maine Properties Co. Inc. v. Johnson</u>, 1999 ME 37 ¶ 8, 724 A.2d 1255.

However, the court agrees that under existing Law Court precedent, the jurat on the verified complaint is insufficient as the basis for an attachment under M.R.Civ.P 4A(i). The court has some difficulty drawing any meaningful distinction between a jurat which states that the facts asserted "are true to the best of [the affiant's] knowledge and belief" and one which follows the wording of Rule 4A(i) and states that "so far as [facts are asserted] on information and belief, [the affidavit] shall state that the affiant believes this information to be true." For better or worse, however, the Law Court has drawn such a distinction and has found jurats referring to "the best of" an affiant's knowledge and belief to be insufficient. <u>See</u> <u>Ingalls v. Brown</u>, 460 A.2d 1379, 1380-81 (Me. 1983); <u>Englebrecht v. Development Corp. for Evergreen Valley</u>, 361 A.2d 908, 911 (Me. 1976).[1]

The court would add that plaintiff was aware from defendant's opposition papers that the jurat had been challenged and had an ample opportunity to remedy the problem before renewing its motion.

The entry shall be:

Plaintiff's motion for an attachment is denied without prejudice to the submission of a new motion based on an affidavit with a jurat that complies with M.R.Civ.P. 4A(i). The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

Dated: July 30, 2012

Thomas D. Warren
Justice, Superior Court

---

[1] In contrast to the situation in <u>Ingalls v. Brown</u> and in <u>Herrick v. Theberge</u>, 474 A.2d 870, 874 (Me. 1984), there is no language elsewhere in the verification or in the complaint that can save the defective jurat.

2

--------------------------------------------------------------------------

01 0000002485           KEARNS, MARK A
   482 CONGRESS STREET STE 304 PO BOX 17915 PORTLAND ME 04112
   F    BARBARA FLORIDINO                        DEF        RTND    03/26/2012

02 0000008182           MULLIGAN, CHRISTOPHER P
   96 CHESTNUT STREET PORTSMOUTH NH 03801
   F    ROCKINGHAM ELECTRICAL SUPPLY COMPANY INC PL         RTND    02/06/2012

03 0000003683           RANDALL, MARK L
   482 CONGRESS STREEET STE 304 PO BOX 17915 PORTLAND ME 04112
   F    BARBARA FLORIDINO                        DEF        RTND    03/26/2012