STATE OF MAINE

Sagadahoc, ss.

AMH -SAG - 11/6/2012

DEVIN E. BROWN

Plaintiff

v.

Docket No. SAGSC-CV-12-025

WILLIAM A. POORE

Defendant.

## ORDER AND JUDGMENT

This civil personal injury case came before the court for a hearing on damages, default having previously been entered against the Defendant William A. Poore, as a result of his failure to file a timely answer or other response to the complaint. Before convening the damages hearing, the court considered a motion to set aside default filed by Defendant, and denied the motion.

Based on the entire record, the court enters the following findings and conclusions and renders judgment as follows.

*Default*

Before the evidentiary hearing on damages, the court ruled on Defendant's Motion to Set Aside Default and to Allow Late Answer dated November 2, 2012 and docketed today, November 6, 2012, as well as Plaintiff's opposition, also docketed today. The court ruled without oral argument. *See* M.R. Civ. P. 7(b)(7). *See also Southern Properties Co., Inc. v. Johnson*, 1999 ME 37, ¶ 8, 724 A.2d 1255, 1257.

According to the return of service filed in this case, Defendant Poore was served in hand with the complaint August 27, 2012. At the Plaintiff's request, default was entered September 19, 2012. Defendant first appeared through counsel in a Notice of Appearance dated October 26, 2012 and docketed October 29, 2012.

A motion to set aside default must be supported by "good cause." M.R. Civ. P. 55(c), which requires the moving party to demonstrate both "a good excuse for his or her untimeliness and a meritorious defense." *Truman v. Browne*, 2001 ME 182, ¶ 9, 788 A.2d 168, 170. Defendant Poore's showing of a good excuse is limited to his claim that, because Plaintiff's counsel and Defendant's insurer had been in communication before the complaint was filed, Plaintiff's counsel should have warned the Defendant's insurer that a default was being sought. Defendant Poore's motion does not explain his delay in answering. Plaintiff's response acknowledges that his counsel and Defendant's insurer were in contact before the complaint was filed, but also points out that the insurer denied coverage for the claim.

There is no support in Maine law for the proposition that a plaintiff who through counsel has been in contact with a defendant through an insurer before filing suit has any duty to warn the defendant before obtaining a default based on the defendant's failure to file a timely answer or other response after being validly served with the complaint. On the other hand, one can envision circumstances under which it would be appropriate to set aside a default based on communications between parties prior to suit. This case does not present such circumstances.

Defendant's motion is also lacking in presenting a meritorious defense. Defendant questions the viability of the statutory claim in Count III of the complaint, but as to the negligence claim in Count IV, Defendant's motion says simply that he denies knowledge of any dangerous propensity or other action on the part of the dog sufficient to trigger any duty, and thus falls short of affirmatively presenting a meritorious defense.

For these reasons, Defendant's Motion to Set Aside Default and to Allow Late Answer is denied.

*Merits*

The Defendant's default having established liability on his part, the issues are limited to damages and causation. The sole witness at the damages hearing was the Plaintiff Devin Brown. Plaintiff's

2

Exhibits 1 and 2 were admitted by stipulation. The parties also stipulated that the medical and hospital services reflected in Plaintiff's Exhibit 1 were rendered in connection with the injury alleged in the complaint and that the services were reasonably necessary. However, the Defendant did not stipulate that the medical and hospital bills contained in Plaintiff's Exhibit 1 reflected the reasonable value of the medical and hospital services reflected in the bills, noting that the medical and hospital providers accepted payment of the Plaintiff's bills by MaineCare, Maine's Medicaid program, at an amount well below the face value of the bills.

Plaintiff is entitled to damages in an amount equal to the reasonable cost of the medical and hospital expenses rendered to him. The face amount of the bills is evidence of the value of the services reflected, and so is the amount accepted in payment by the providers. Based on the entire record, the court finds the reasonable value of the services rendered to be $2,464.50.

This accident occurred September 9, 2011, at a time when Plaintiff, who was renting a room in Defendant's home, was taking care of the Defendant's dog while Defendant was away. Plaintiff came into the home after mowing the lawn, and the dog, a large boxer, growled and lunged toward the Plaintiff. One of the dog's front paws clawed the Plaintiff just above the right side of his upper lip, causing a laceration that required eight stitches. Plaintiff did not complain of any significant pain at the hospital, according to the records. The wound has left a visible scar about an inch long, running from the edge of the right side of Plaintiff's upper lip, upward toward his right cheek. Although more than a year has passed, Plaintiff still experiences some pain associated with the injury,

Plaintiff is a young man who receives Social Security disability benefits as a result of his mental health conditions, which include bipolar disorder, depression and anxiety, the last of which sometimes manifests in panic attacks. As a result of being attacked by a dog as a result, he has always had some fear

3

of dogs, and the September 9 incident was therefore particularly disturbing to him. He feels self-conscious about his scar, to the point he thinks it is interfering with his social life.

It is not clear whether the scar is permanent or will fade over time, and also not clear as to whether it could be ameliorated through cosmetic surgery. Damages in this case therefore do not assume permanent disfigurement, but do reflect the status of the scar during the past year and the reasonably foreseeable future, meaning that it seems likely to remain visible, and thus likely to be upsetting to the Plaintiff, for some time to come.

Plaintiff is entitled to damages for the reasonable value of medical and hospital treatment, and for pain and suffering, including the residual pain and distress associated with the scar.

Judgment shall be entered for the Plaintiff Devin E. Brown against Defendant William A. Poore in the amount of Eight Thousand Dollars ($8,000), with pre-judgment interest. Plaintiff is also awarded his costs.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this order by reference in the docket.

Dated November 6, 2012

A. M. Horton
Justice, Superior Court

4

DEVIN BROWN  - PLAINTIFF

Attorney for: DEVIN BROWN
SHELDON J TEPLER  - RETAINED
HARDY WOLF & DOWNING
186 LISBON ST
PO BOX 3065
LEWISTON ME 04243-3065


vs
WILLIAM POORE  - DEFENDANT
100 RIVER ROAD
BOOTHBAY ME 04537
Attorney for: WILLIAM POORE
JAMES M BOWIE  - RETAINED
THOMPSON & BOWIE

**DOCKET RECORD**