1997 ME 13

**Forest SPACK et al.**

v.

**Michael PUORRO.**

Supreme Judicial Court of Maine.

Submitted on Briefs Dec. 20, 1996.

Decided Jan. 23, 1997.

Elton A. Burkey, Greenville, for plaintiffs.

Patrick S. Bedard, Eliot, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN, DANA and LIPEZ, JJ.

WATHEN, Chief Justice.

[¶ 1] Defendant Michael Puorro appeals from an order entered in the Superior Court (Piscataquis County, *Mead J.*) denying his motion for relief from an attachment order. Having failed to file a timely appeal from the order granting the attachment, defendant moved for relief pursuant to M.R.Civ.P. 60(b)(4). On the merits, he argues that the attachment order should have been declared void due to improper service of process. Because of the peculiar procedural posture of this case, we have no occasion to address the merits and must dismiss defendant's appeal.

[¶ 2] A prejudgment attachment order is not a proper subject of a motion seeking relief from a judgment. "On motion and upon such terms as are just, the court may relieve a party or the party's legal representative from a *final* judgment, order, or proceeding ..." M.R.Civ.P. 60(b) (emphasis added). Such an attachment order is not a final judgment, but rather is a "provisional remedy ... temporary in its nature, to await the final judgment of the court touching the action," *McInnes v. McKay*, 127 Me. 110, 115, 141 A. 699 (1928). "[T]o relax the requirement of finality in the context of Rule 60(b) proceedings would set at naught the oft-reiterated principle that such proceedings are 'not a substitute for appeal'." *Brengelmann v. Land Resources, Etc.*, 393 A.2d 174, 176 n. 3 (Me.1978) (quoting 11 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice & Procedure* § 2851, at 142 n. 19).

[¶ 3] Defendant is also precluded from appealing directly from the attachment order. Although interlocutory, an order granting an attachment is reviewable on direct appeal by virtue of the collateral order exception to the final judgment rule. *Foley v. Jacques*, 627 A.2d 1008, 1009 (Me.1993). In the present case, however, defendant failed to file an appeal within the thirty (30) day appeal period.[1]

---

1. The substance of defendant's appeal, insufficiency of service of process, was properly asserted in a motion to dismiss pursuant to M.R.Civ.P. 12(b)(5). The Superior Court's denial of that motion, however, is not immediately appealable. *Rosenbery v. Taylor*, 685 A.2d 768 (Me.1996). In ruling on defendant's motions, the court granted leave to defendant to move to set aside the attachment. Defendant failed to file such a motion.