1999 ME 166

**NYNEX WORLDWIDE SERVICES GROUP, INC. d/b/a Nynex Information Resources, Co.**

**v.**

**James Martin DINEEN d/b/a Dineen Bus Lines.**

Supreme Judicial Court of Maine.

Submitted on Briefs Oct. 28, 1999.

Decided Nov. 19, 1999.

Dina A Jellison, Susan J. Szwed, P.A., Portland, for plaintiff.

James M. Dineen, Kittery, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

PER CURIAM.

[¶ 1] James M. Dineen d/b/a Dineen Bus Lines (Dineen) appeals from the entry of summary judgment in Superior Court (Cumberland County, *Crowley, J.*) in favor of Nynex Worldwide Services Group, Inc. d/b/a Nynex Information Resources, Co. (Nynex) for $138,165.54 plus interest and costs. On appeal, Dineen contends that the court erred when it denied his motion to dismiss what Dineen claims were Nynex's two identical suits against him, that the court erred when it granted Nynex's motion to reaffirm an order for prejudgment attachment, and that the court erred when it treated Nynex's statement of material facts as admitted after Dineen failed to file an opposing statement as required by M.R. Civ. P. 7(d). We affirm the judgment, and because we find the appeal to be without merit, frivolous, and instituted merely for delay, we impose sanctions of $500 plus treble costs.

[¶ 2] This case arises out of a number of contracts between Dineen and Nynex for the provision of yellow page advertising services. Nynex seeks to recover money Dineen owes it under those contracts. In May of 1997, Nynex served Dineen with a complaint and summons; these documents, and a motion for prejudgment attachment and trustee process, were filed in the Superior Court. The summons, however, was for the District Court. Dineen promptly filed a motion to dismiss for insufficiency of process and insufficiency of service. Approximately two weeks later, Nynex again served Dineen with a summons and complaint, though this time the summons was for the Superior Court. Dineen filed a second motion to dismiss. The court *(Calkins, J.)* denied both motions.

[¶ 3] At that same hearing, the parties argued the motion for prejudgment attachment that Nynex had filed with its complaint. That motion was granted and an order was issued allowing attachment. Ten months later, Nynex moved for a reaffirmation of the order approving attachment. Nynex wished to attach Dineen's interest in his late mother's estate and claimed that it could not do so at the time of the original order because a personal representative had not been appointed. The court granted this motion in an order dated August 20, 1998. Dineen did not file a Notice of Appeal from this order until February 23, 1999.

[¶ 4] In October of 1998, Nynex moved for summary judgment. Included with its

motion were a statement of material facts with supporting affidavits and interrogatories, the most important of which was an affidavit by a Nynex manager, Kristen Tripoli. Dineen filed affidavits opposing this motion but did not file a statement of material facts as required by M.R. Civ. P. 7(d)(2). The court (*Crowley, J.*) granted the motion for summary judgment and ordered that judgment be entered for Nynex in the amount of $138,165.54 plus interest and costs.

[¶ 5] All of Dineen's three contentions on appeal are without merit. Dineen's contention that Nynex instituted two identical suits against him misconstrues what is, at worst, the ministerial error involved in including the wrong summons with the complaint. Dineen does not, and indeed cannot, explain why, even if this ministerial error required dismissal, that dismissal should be with prejudice. Even if the failure to dismiss were error, Dineen has not, in any way, been materially prejudiced by that error. *See* M.R. Civ. P. 4(i).

[¶ 6] Dineen's second contention seeks to attack the court's reaffirmation of its original order approving attachment and trustee process. An order for attachment, though interlocutory, is reviewable under the collateral order exception to the final judgment rule. *See Porrazzo v. Karofsky,* 1998 ME 182, ¶ 5, 714 A.2d 826, 827. Collateral orders, however, must be reviewed by direct appeal and are not merged into the final judgment. *See Boyle v. Share,* 377 A.2d 458, 461 (Me. 1977). The failure to file an appeal within 30 days of the entry of the order forecloses appeal. *See Spack v. Puorro,* 1997 ME 13, ¶ 3, 689 A.2d 589, 589. Although the order was entered on August 20, 1998, Dineen did not file an appeal until February 23,

1999. This issue is therefore not properly before us.

[¶ 7] Finally, Dineen argues that despite his failure to file a statement of material facts for which there is a genuine issue for trial as required by Rule 7(d)(2), it was error for the court to deem Nynex's statements admitted because the documents supporting Nynex's statements were "replete with errors, omissions, ambiguities and uncertainties . . . ." This argument is a blatant attempt to escape the consequences of his failure to file the required statement. If Dineen believed that Nynex's own documents raised a genuine issue of material fact, the place to make that argument was in his own statement of material facts, which could have contained "appropriate record references" to Nynex's own documents.[1] *See* M. R. Civ. P. 7(d).

[¶ 8] Because Dineen's appeal is frivolous and instituted merely for purposes of delay, we impose sanctions in the amount of $500 plus treble costs to be paid to Nynex by Dineen pursuant to Rule 76(f).

The entry is:

Judgment affirmed with sanctions against the appellant in the amount of $500 plus treble costs.

---

1. We note that case law prior to the addition of Rule 7(d), indicates that in a motion for summary judgment the opposing party had no obligation to respond to legally insufficient affidavits. *See Richards Realty Co. v. Town of Castle Hill,* 406 A.2d 412, 413 (Me.1979) (noting that an affidavit that recited conclusions of law was legally insufficient). We need not decide whether *Richards* remains applicable to Rule 7(d) summary judgment practice, however, because Dineen's challenges to the legality of the Tripoli affidavit are either procedurally barred or without merit.