2010 ME 2

**TOWN OF POLAND**

v.

**T & M MORTGAGE SOLUTIONS, INC., et al.**

Supreme Judicial Court of Maine.

Submitted On Briefs: Nov. 23, 2009.

Decided: Jan. 21, 2010.

Bryan M. Dench, Esq., Adam R. Lee, Esq., Skelton, Taintor & Abbott, Auburn, ME, for The Town of Poland.

James L. Audiffred, Esq., Saco, ME, for T & M Mortgage Solutions, Inc.

Panel: SAUFLEY, C.J., and ALEXANDER, LEVY, SILVER, MEAD, and JABAR, JJ.

SAUFLEY, C.J.

[¶ 1]   The Town of Poland appeals from an order entered in the Superior Court (Androscoggin County, *Delahanty, J.*) granting T & M Mortgage Solutions, Inc.'s motion to modify an attachment and attachment on trustee process pursuant to M.R. Civ. P. 4B(j).  The modification allowed T & M to substitute an attachment of four undeveloped lots for an attachment on trustee process levied on $20,462.09 in a bank account.  We take this opportunity to address the distinction between attachment and attachment on trustee process, and, because we conclude that Rule 4B(j) does not allow substitution of an attach-ment of real property for an attachment on trustee process, we vacate the order.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

[¶ 2]   On appeal, the parties do not dis-pute the following facts.  T & M tendered to the Town an irrevocable letter of credit in the amount of $187,000 in favor of a third party to enable the third party to construct a road in a development in which T & M owned four lots.  When the third party failed to complete the road within a year, as required by the letter of credit, the Town demanded payment of $187,000 from T & M.  T & M did not pay the Town.  In December 2008, the Town sued T & M and its president, Todd Johnson, for dam-ages, alleging that T & M wrongfully dis-honored the letter of credit.

[¶ 3]   Pursuant to M.R. Civ. P. 4A(g) and 4B(i), the Town filed an ex parte mo-tion for attachment and attachment on trustee process, which the court granted in the amount of $187,000.  Upon service of a summons to trustee, TD Bank, N.A. froze T & M's account assets that it held in the amount of $20,462.09.  T & M moved to modify attachment on trustee·process pur-suant to Rule 4B(j) by substituting an attachment of its four lots for the attach-ment on trustee process of its bank ac-count.  In support of its motion, T & M submitted an affidavit from Johnson stat-ing that the assessed tax values of the lots were between $18,000 and $21,000 each and that two other lots in the same devel-opment had sold for $50,000 each.

[¶ 4]   At a nontestimonial hearing, the court interpreted Rule 4B(j):

> [T]he rule does say, "Upon motion and notice and a showing by any defendant that specific property or sufficient cash—" and when they say property, I take that to mean real estate, as

well—"or bond is available to satisfy a judgment as provided in subsection (d)." The court accepted the value of the lots as presented by T & M and entered an order pursuant to Rule 4B(j) that modified the order of attachment and attachment on trustee process by substituting T & M's four lots for the $20,462.09 attachment on trustee process already levied on T & M's bank account. The Town appeals the modification order.[1]

[¶ 5] T & M's motion presents two questions: first, whether real property may be substituted for a cash account on trustee process; and second, whether the real property tendered by T & M had sufficient present value to "satisfy the judgment" as required by Rule 4B(j).

## II. INTERPRETATION OF RULE 4B(j)

[¶ 6] The court's order modifying the attachment on trustee process by substituting real property for T & M's bank account was based on its interpretation of Rule 4B(j) as allowing the substitution of real property for cash or other account balances. We review a court's interpretation of the Maine Rules of Civil Procedure de novo and look to the plain language of the rules to determine their meaning.[2] *Bean v. Cummings,* 2008 ME 18, ¶ 17, 939 A.2d 676, 682.

[¶ 7] The text of Rule 4A(h), relating to modification of attachments, and the text of Rule 4B(j), relating to modification of attachments on trustee process, are quite similar. There are, however, critical distinctions. The rule for modification of attachments explicitly allows limiting attachments to particular "property." M.R. Civ. P. 4A(h). By contrast, the rule for modification of attachments on trustee process, although introduced with the same language that includes the words "specific property," only allows modification of attachments on trustee process by limiting trustee process to "goods and credits" or "cash or bonds." M.R. Civ. P. 4B(j). The table below highlights the differences in language, particularly in the final phrase.

| (h) Dissolution or Modification of *Attachments* | (j) Dissolution or Modification of *Trustee Process* |
| --- | --- |
| . . . . | . . . . |
| Upon motion and notice and a showing by any defendant that specific property or sufficient cash or bond is available to satisfy a judgment as provided in subdivision (d) of this rule, | Upon motion and notice and a showing by any defendant that specific property or sufficient cash or bond is available to satisfy a judgment as provided in subdivision (d) of this rule, |

1. Orders of prejudgment attachment, and orders modifying or dissolving attachment orders, are immediately appealable as an exception to the final judgment rule. *Tornesello v. Tisdale,* 2008 ME 84, ¶ 7, 948 A.2d 1244, 1248; *Commerce Bank & Trust Co. v. Dworman,* 2004 ME 142, ¶ 7, 861 A.2d 662, 665.

2. We also review the advisory committee's notes to rule amendments for guidance. *See Wambold v. Wambold,* 651 A.2d 330, 335 (Me. 1994). The advisory committee notes here provide little guidance. The note to the amendment that added the second paragraph to Rule 4A(h) clarifies that the rule allows an existing attachment to be "modified by substitution of specific property, cash or bond" as provided in Rule 4A(d). *See* M.R. Civ. P. 4A advisory committee's note to 1992 amend., Me. Rptr., 602–617 A.2d XCIV. The concurrent advisory committee's note to the amendments to Rule 4B merely refers to the rationale set forth in the note regarding the amendment to Rule 4A. *See* M.R. Civ. P. 4B advisory committee's note to 1992 amend., Me. Rptr., 602–617 A.2d XCIV.

the court may modify an order of *attachment*, whether issued ex parte or after hearing,

to limit the attachment to particular *property or to order cash or bond* to be held by the court as security for the judgment, and to dissolve the prior attachment as to all other *property* of the defendant. . . .

M.R. Civ. P. 4A(h) (emphasis added) (reformatted for clarity).

[¶ 8]   We recognize that the introductory phrase in Rule 4B(j) may be misleading. With the benefit of review, however, we conclude that the distinction between the rules must be effectuated.   Rule 4A(h) authorizes a court to modify an attachment by "limit[ing] the attachment to particular property" and "dissolv[ing] the prior attachments as to all other property."   M.R. Civ. P. 4A(h).   Rule 4B(j), the trustee process rule, authorizes a court to modify an attachment on trustee process by "limit[ing] the attachment to particular goods or credits" and "dissolv[ing] the prior attachments as to all other goods and credits."   M.R. Civ. P. 4B(j). Thus, upon attachment, "property" may be released if any other *property,* cash, or bond can be appropriately substituted.   *See* M.R. Civ. P. 4A(h).   By contrast, when attached through trustee process, liquid assets may only be released upon substitution of a similar species of property, that is, goods, credits, cash, or bond.   *See* M.R. Civ. P.4B(j).

(1) *Attachment of Specific Property.*

In the order approving an *attachment,* the court shall specify that the attachment is to issue solely against particular *property or credits* upon a showing by the defendant (A) that the *property or credits specified* are available for *attachment* . . . .'

M.R. Civ. P. 4A(d)(1) (emphasis added) (reformatted for clarity).

the court may modify an order of *attachment on trustee process*, whether issued ex parte or after hearing,

to limit the attachment to particular *goods or credits or to order cash or bond* to be held by the court as security for the judgment, and to dissolve the prior attachment as to all other *goods or credits* of the defendant. . . .

M.R. Civ. P. 4B(j) (emphasis added) (reformatted for clarity).

[¶ 9]   Accordingly, we cannot read "specific property" in Rule 4B(j) to mean anything other than "goods or credits" or "cash or bonds."   The second paragraphs of Rules 4A(h) and 4B(j) require a defendant to show that "specific property" is available to satisfy a judgment.   M.R. Civ. P. 4A(h), 4B(j).   The remainder of Rule 4B(j), however, requires that property to be "goods or credits" or "cash or bonds." M.R. Civ. P. 4B(j).   Consequently, to interpret "specific property" broadly to include real property would expand the meaning of the term beyond the current language of the rule.   *Cf. Estate of Dresser v. Me. Med. Ctr.,* 2008 ME 183, ¶ 10, 960 A.2d 1205, 1208 (citing *State v. Rand,* 430 A.2d 808, 817 (Me.1981) (stating that we will not construe the law to intend an absurd result)).

[¶ 10]   This interpretation of "specific property" in Rule 4B(j) is further supported by the language of Rules 4A(d)(1) and 4B(d)(1)—referenced by Rules 4A(h) and 4B(j)—which reads:

(1) *Attachment of Specific Property.*

In the order approving an *attachment on trustee process*, the court shall specify that the attachment is to issue solely against particular *goods or credits* upon a showing by the defendant (A) that the *goods or credits* specified are available for *attachment on trustee process* . . . .'

M.R. Civ. P. 4B(d)(1) (emphasis added) (reformatted for clarity).

Like Rule 4B(j), Rule 4B(d)(1) introduces the term "specific property," but then only addresses "goods and credits." Reading Rule 4B(d)(1) in context, we conclude that "specific property" refers to the goods or credits that the court *specifies* for attachment on trustee process. *See also* Elliott L. Epstein & Rufus E. Brown,[3] *Reform of the Rules for Attachments*, 7 Me. Bar J. 76, 76–77 (1992) (explaining that the new Rule 4A(d)(1) requires the court to limit attachment to "certain specific property or credits" to avoid perpetuating the practice of blanket attachments).

[¶ 11] Moreover, Rules 4A and 4B are consistent with the common-sense notion that when potential judgments can be secured by attachments to liquid assets, real property—with its inherent difficulties in valuation and potential problems with quick salability—is not a substitute for liquid assets. The rules provide that a "defendant may tender cash or bond at least equal to the amount of any attachment" as a substituted security. M.R. Civ. P. 4A(d)(2), 4B(d)(2); *see also* M.R. Civ. P. 4A(d)(3), 4B(d)(3) (providing similar rule for multiple defendants). Similarly, Rules 4A(h) and 4B(j) authorize a court "to order cash or bond to be held by the court as security for the judgment." M.R. Civ. P. 4A(h), 4B(j). Although the rules have several provisions that allow substitution of liquid cash or bonds for illiquid attachments, *see* M.R. Civ. P. 4A(d)(2), (d)(3), (h), the rules do not provide for substitution of illiquid attachments for attachments on trustee process of liquid assets, *see* M.R. Civ. P. 4A, 4B.

 [¶ 12] Construed as a whole, the language of Rules 4B(j) and 4B(d)(1) provides that the "specific property" that may be substituted for an account that has been attached on trustee process, must, in the absence of the agreement of the parties, be limited to "goods or credits" or "cash or bond." *Cf. McGillivray v. Royal Ins. Co.*, 675 A.2d 524, 526 (Me.1996) (stating that statutes must be construed as a whole).

[¶ 13] Accordingly, the court erred as a matter of law when it allowed T & M, over the Town's objection, to substitute an attachment of real property for an attachment on trustee process pursuant to Rule 4B(j).[4]

The entry is:

Judgment vacated. Remanded for further proceedings consistent with this opinion.

---

**3.** Both authors were members of the Advisory Committee on Civil Rules that proposed the 1992 amendments to Rules 4A and 4B. Elliott L. Epstein & Rufus E. Brown, *Reform of the Rules for Attachments*, 7 Me. Bar J. 76, 80 n. 1 (1992).

**4.** Because we conclude that the court erred in its interpretation of Rule 4B, we do not reach the Town's arguments regarding the valuation of T & M's lots and the sufficiency of Johnson's affidavit.