2012 ME 52

**CENTRIX BANK AND TRUST**

v.

**Judith R. KEHL et al.**

Supreme Judicial Court of Maine.

Argued: Feb. 15, 2012.

Decided: April 5, 2012.

Mark A. Kearns, Esq. (orally), and Mark L. Randall, Esq., Portland, for appellants Judith R. Kehl, Port of Call, LLC, 35 Thaxter Lane, LLC, and 37 Thaxter Lane, LLC.

David M. Hirshon, Esq., and Marshall J. Tinkle, Esq. (orally), Hirshon Law Group, P.C., Portland, for appellee Centrix Bank and Trust.

Panel: SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, GORMAN, and JABAR, JJ.

ALEXANDER, J.

[¶ 1] In this appeal, we consider whether the final judgment rule precludes an interlocutory appeal from the denial of a motion to modify an order of prejudgment attachment and attachment on trustee process, M.R. Civ. P. 4A(h), 4B(j), when the issues asserted in the motion to modify could have, and should have, been raised in opposing the original motion for approval of the attachment.

[¶ 2] Judith R. Kehl, Port of Call, LLC (POC), 35 Thaxter Lane, LLC, and 37

Thaxter Lane, LLC, (collectively, Kehl) appeal from an order entered in the Superior Court (York County, *Brennan, J.*) denying Kehl and POC's motion to modify an order of prejudgment attachment and attachment on trustee process. The attachment order had been entered in favor of Centrix Bank and Trust, following a contested hearing, ten months before Kehl and POC filed the motion to modify.

[¶ 3] Kehl raises two arguments on appeal. First, she argues that because two of the three notes at issue in the underlying court action were secured, the court abused its discretion when it denied the motion to modify the attachment order. Second, she argues that the court abused its discretion when it denied the motion to modify the attachment order to remove attachments on properties owned by 35 Thaxter Lane, LLC, and 37 Thaxter Lane, LLC, because those entities were not named parties in the complaint filed by Centrix, they were not served with Centrix's motion for attachment and trustee process, and they had no liability under the terms of the notes at issue. Kehl also asserts that, although the order on the motion to modify is interlocutory, it is immediately appealable.

[¶ 4] Because we conclude that the final judgment rule bars this appeal and that no exception to the final judgment rule applies, we do not reach the merits of Kehl's arguments and dismiss the appeal.

## I. CASE HISTORY

[¶ 5] Judith R. Kehl owned property at 95 Government Street in Kittery.[1] Be-

tween March 5, 2007, and May 28, 2008, Kehl obtained three loans in the principal amounts of $1,092,500, $477,500, and $18,284.66, for which she executed and delivered, acting individually or on behalf of POC, promissory notes in those amounts to Centrix Bank and Trust.

[¶ 6] Two of the three loans were secured by construction mortgages on the Government Street property. To support the application for the second loan, Kehl offered to Centrix an appraisal of 95 Government Street that had been completed effective January 2, 2008. Kehl ultimately failed to pay each of the three notes when they became due. At the time of Kehl's default, the amounts owed on the three notes, including principal and any accrued interest, totaled more than $1,595,000.

[¶ 7] In December 2009, Centrix filed a complaint against Kehl and POC along with a motion for an ex parte order approving prejudgment attachment and attachment on trustee process. The court denied Centrix's request for an ex parte attachment and ordered that the matter be set for a contested hearing with due notice to the named defendants. Kehl and POC were served in hand with the complaint on January 8, 2010. A hearing on the motion for attachment was held on February 4, 2010, at which Kehl appeared. Kehl was not represented by counsel at the hearing.

[¶ 8] The court issued an order granting the motion for attachment and attachment on trustee process on real and personal properties, goods, and credits of Kehl and of the entities POC and the Thaxter Lane LLCs in the amount of

1. The consolidated record indicates that Kehl transferred the 95 Government Street property to Port of Call, LLC, a limited liability company of which Kehl is a member and manager, if not the sole owner, in March 2008. The consolidated record also indicates that, on December 18, 2007, Kehl and her husband transferred two properties that they owned, 35 and 37 Thaxter Lane in Kittery, to, respectively, two limited liability companies, 35 Thaxter Lane, LLC, and 37 Thaxter Lane, LLC. The consolidated record further indicates that Kehl is the sole member and owner of each Thaxter Lane LLC.

$1,595,292.65. The court also ordered attachment on the properties, goods, and credits of POC in the amount of $480,251.78. No appeal was taken from this order.

[¶ 9] On December 15, 2010, Kehl and POC filed a motion to modify the February 2010 order of attachment.[2] One can infer from the motion to modify and the accompanying proposed order that Kehl and POC sought to remove attachments from property of the two Thaxter Lane LLCs on the grounds that (1) the promissory notes at issue were secured by the Government Street property and that the value of the Government Street property was sufficient to satisfy any judgment that Centrix might obtain against Kehl, and (2) the original attachment order had illegally attached property of the two Thaxter Lane LLCs, and Centrix was not entitled to attachment on those properties.

[¶ 10] Kehl filed an affidavit in support of the motion in which she asserted that the January 2, 2008, appraisal of 95 Government Street valued that property at $2.45 million. Kehl did not attach the appraisal to her affidavit. Centrix opposed the motion to modify and subsequently filed with the court appraisal reports indicating that as of January 3, 2011, the value of the 95 Government Street property was far less than the sums due on the notes.

[¶ 11] On March 14, 2011, Centrix filed a second, separate complaint against Kehl, her husband, and the Thaxter Lane LLCs and a motion to consolidate the two cases against Kehl. On June 9, 2011, the court held a hearing on Centrix's motion to consolidate and on Kehl and POC's motion to modify.[3] The next day, the court granted Centrix's motion to consolidate its two causes of action against Kehl "for all purposes, including all pretrial proceedings," reserving only a decision as to whether there would be a unitary trial. On June 20, 2011, the court issued an order denying Kehl and POC's motion to modify the order of attachment without discussion. Kehl filed this timely appeal.

## II.  LEGAL ANALYSIS

[¶ 12]  The court's denial of a motion to modify a prejudgment order is not a final judgment, and an appeal from a denial of such a motion is therefore an interlocutory appeal. *See Bond v. Bond,* 2011 ME 105, ¶ 5, 30 A.3d 816 ("A judgment is final only if it disposes of all the pending claims in the action, leaving no questions for the future consideration of the court."). Pursuant to the final judgment rule, "[w]e will not consider an appeal unless it derives from a final judgment or order, or unless, notwithstanding the lack of finality, it falls within a recognized exception to the final judgment rule." *Ford New Holland, Inc. v. Thompson Machine, Inc.,* 617 A.2d 540, 541 (Me. 1992).

[¶ 13]  Prejudgment orders granting or denying attachment or trustee process—and orders granting a subsequent or renewed attachment—are immediately appealable pursuant to the collateral order exception to the final judgment rule. *See Official Post Confirmation Comm. of Creditors Holding Unsecured Claims v.*

---

**2.** Pursuant to M.R. Civ. P. 4A(h) and 4B(j), a party may seek the modification of an attachment order or trustee process, respectively, issued after a hearing, but only for the purpose of showing that "specific property or sufficient cash or bond is available to satisfy a judgment" so that the attachment order can be modified to limit or dissolve the attachment accordingly.

**3.** It is unknown what Kehl may have argued at the hearing on the motion to modify because no transcript of the hearing was provided on appeal.

*Markheim*, 2005 ME 81, ¶¶ 7–9, 877 A.2d 155 (allowing, under the unusual facts of that case, an immediate appeal from the grant of a renewed attachment order and from the denial of a motion to modify attachment that raised the same issues as the appeal from the renewal order); *Lindner v. Barry*, 2003 ME 91, ¶¶ 1, 3, 828 A.2d 788 (allowing an immediate appeal from the grant of a motion to increase the amount of an attachment order); *Calvert v. Corthell*, 599 A.2d 69, 71 (Me.1991) ("We entertain appeals from an order denying or granting attachment under the collateral order exception to the final judgment rule."); *Ne. Inv. Co., Inc. v. Leisure Living Communities, Inc.*, 351 A.2d 845, 849, 851 (Me.1976) (same).

[¶ 14] Citing to similar cases, we have allowed, usually with little or no discussion, immediate appeals from some interlocutory orders granting or denying a motion to modify an order of attachment or trustee process or granting or denying a motion to dissolve such an order. *See Town of Poland v. T & M Mortg. Solutions, Inc.*, 2010 ME 2, ¶¶ 1, 3, 4 n. 1, 987 A.2d 524 (allowing the plaintiff's immediate appeal from the grant of the defendant's motion to modify an order of attachment and trustee process entered ex parte); *Tornesello v. Tisdale*, 2008 ME 84, ¶¶ 5, 7, 948 A.2d 1244 (allowing immediate appeal from the partial denial of a motion to dissolve an attachment order entered ex parte); *Commerce Bank & Trust Co. v. Dworman*, 2004 ME 142, ¶¶ 6–7, 861 A.2d 662 (allowing immediate appeal from the denial of a motion to dissolve an attachment order entered ex parte); *Morton v. Miller*, 600 A.2d 395, 396 & n. 3 (Me.1991) (allowing immediate appeal from the denial of a motion to modify an order for attachment and trustee process); *DiPietro v. Casco N. Bank*, 490 A.2d 215, 218 (Me.1985) (stating that denial of a motion to dissolve ex parte attachments and trustee processes is ap-

pealable under the collateral order exception to the final judgment rule).

[¶ 15] Although we have often broadly stated in these opinions that orders of prejudgment attachment, and orders modifying or dissolving attachment orders, are immediately appealable "as an exception to the final judgment rule," *see, e.g., T & M Mortg. Solutions*, 2010 ME 2, ¶ 4 n. 1, 987 A.2d 524, we have not concluded that every appeal regarding an attachment or trustee process is immediately appealable as, or pursuant to, an exception to the final judgment rule. In *Jim Mitchell & Jed Davis, P.A. v. Lavigne*, 2001 ME 67, ¶ 3, 770 A.2d 109, for example, the defendant appealed from an ex parte attachment order without first moving, pursuant to M.R. Civ. P. 4A(h), to dissolve the attachment order. Stating that a "dissolution hearing allows a party objecting to an attachment the opportunity to bring any objections promptly to the attention of the trial court," we held that a party must first exercise her right to seek a prompt dissolution hearing before the party can bring an appeal from an ex parte attachment order. *Id.* ¶ 5–6. Because the party failed to seek a dissolution hearing, her interlocutory appeal of the attachment order was dismissed pursuant to the final judgment rule. *Id.* ¶¶ 4, 6.

[¶ 16] With this precedent in mind, we consider the interlocutory appeal before us and the collateral order exception to the final judgment rule, which has formed the basis for allowing interlocutory appeals of orders for attachment and/or trustee process. *See Northeast Inv. Co.*, 351 A.2d at 849, 851. The collateral order exception allows an immediate appeal from an interlocutory order "when the appellant can establish that (1) the decision is a final determination of a claim separable from the gravamen of the litigation; (2) it presents a major unsettled question of law; and (3) it would result in irreparable loss

of the rights claimed, absent immediate review." *Bond,* 2011 ME 105, ¶ 11, 30 A.3d 816. In the context of appeals from orders for attachment or trustee process, however, we have, at least implicitly, concluded that such orders are immediately appealable, regardless of whether they present a major and unsettled question of law. *See id.* ¶ 25 n. 7 (Alexander, J., dissenting). We therefore apply only the first and third elements of the collateral order exception to the final judgment rule in this matter.

■ [¶ 17] Although the order denying Kehl's motion to modify the attachment involves a claim separable from and collateral to the gravamen of the lawsuit, Kehl has not established that there would be an irreparable loss of the rights claimed in the absence of immediate review. In this case, both of the arguments that Kehl implicitly made in support of her motion to modify could have, and should have, been made before the court when it decided, with Kehl's full participation, Centrix's original motion for attachment and trustee process.

[¶ 18] Kehl indicated in her motion to modify and proposed order that the court should remove the attachments from the two Thaxter Lane LLCs on the grounds that those attachments were illegal and improper at the time the court initially granted the attachments. This is a challenge to the original attachment order itself. To have preserved this argument, Kehl must have raised the issue before the original attachment order was issued and, had the court nonetheless granted the motion for attachment and trustee process, Kehl must have taken an immediate, direct appeal from the attachment order pursuant to the collateral order exception to the final judgment rule. *See Nynex Worldwide Servs. Grp., Inc. v. Dineen,* 1999 ME 166, ¶ 6, 740 A.2d 568 (rejecting as untimely an appeal from an order reaffirming an

attachment order, stating that "[t]he failure to file an appeal within [the appeal period after] entry of the order forecloses appeal"); *Spack v. Puorro,* 1997 ME 13, ¶ 3, 689 A.2d 589; *Morton,* 600 A.2d at 396 n. 4.

[¶ 19] Kehl also indicated in her motion to modify and proposed order that the court should remove the attachments from the two Thaxter Lane LLCs because the promissory notes at issue were secured by the Government Street property and because the value of the Government Street property was sufficient to satisfy any judgment that Centrix might win in its claim against her. As sole support for her assertion as to the value of the Government Street property, Kehl relied on (but did not submit) the appraisal that was completed in January 2008. This appraisal, based on the assumed completion of reconstruction and construction on the Government Street property, was completed two years before the 2010 hearing on Centrix's motion for attachment. The 2008 appraisal, like all of the evidence upon which Kehl relied in her motion to modify, was known and available to Kehl at the February 2010 hearing on Centrix's motion for attachment and trustee process, and Kehl was obligated to present that evidence at that time.

[¶ 20] In short, Kehl's motion to modify the attachment order raised only arguments that should have, and could have, been raised before the attachment order was issued and on a direct appeal from that order. *See generally Jim Mitchell & Jed Davis, P.A.,* 2001 ME 67, ¶¶ 3, 5–6, 770 A.2d 109; *Morton,* 600 A.2d at 396 n. 4. Kehl did neither, and therefore, any rights that she could have claimed were already waived by her failure to challenge the attachment order through proper procedural avenues. Accordingly, Kehl has not established that there would be an

"irreparable loss of the rights claimed, absent immediate review" of the denial of her motion to modify, *Bond*, 2011 ME 105, ¶ 11, 30 A.3d 816, and the collateral order exception does not apply to take this appeal out of the final judgment rule.[4] We likewise conclude that no other exception to the final judgment rule applies in this case. A ruling on a motion to modify does not reset the time clock to permit a delayed appeal of the underlying order when the motion to modify was based only on claims and defenses that could have been asserted in the original attachment hearing.

The entry is:

Appeal dismissed.

---

4. In contrast to the case now before us, we allowed an immediate appeal from the denial of the defendants' motion to modify a previously entered order of attachment and trustee process in *Morton v. Miller*, 600 A.2d 395, 395–97 (Me.1991). In *Morton*, there is no indication that the original attachment order was issued after a full hearing during which the defendants appeared, *id.* at 396, as occurred in this case. Additionally, in *Morton*, there is no indication that the evidence of property value that the appellants offered in support of their motion to modify the attach-ment order had been available to them at the time the attachment order was issued, *id.* at 396–97, as is true in the case now before us. The order in *Morton* reflected the situation anticipated by the rules relating to modification of attachment and trustee processes, M.R. Civ. P. 4A(h), 4B(j), when post-attachment-order changes in the evidence of the value of the attached properties or of the nature or value of any security that may be available to cover the amount of the attachment may justify review and modification or removal of the attachment.