STATE OF MAINE
CUMBERLAND, ss

ASHLEY SUMMERS, as the
Surviving Spouse of STEVEN
SUMMERS and the Personal
Representative of the ESTATE
OF STEVEN SUMMERS and
as Parent, Guardian, and Next
Friend of the Minor Children,
AUDRYN SUMMERS and
MALIYAH SUMMERS,

NIKKI J. THOMAS and
LEWIS THOMAS, JR., as
Co-Personal Representatives
of the ESTATE OF ASHLEY
E. THOMAS,

LISA LECONTE MAZZIOTTI,
as Personal Representative of
the ESTATE OF NICOLE LYN
FINLAY,

DAVID R. BRAGDON, SR. and
PAMELA RHODUS as Co-
Personal Representatives of the
ESTATE OF DAVID R. BRAGDON,

and

KATHLEEN CONLEE as Personal
Representative of the ESTATE OF
CHRISTOPHER CONLEE

        Plaintiffs

v.

GREGORY NISBET

        Defendant

SUPERIOR COURT
CIVIL ACTION
Docket No.   CV-14-487 ✓
              CV-15-011
              CV-15-027
              CV-15-029
              CV-15-040

STATE OF MAINE
Cumberland, ss Clerk's Office

MAY 29 2015

RECEIVED

ORDER ON MOTIONS TO
RECONSIDER AND FOR
RULE 60(b) RELIEF

Pending before the court are (1) plaintiff Summers's motion for reconsideration under M.R. Civ. P. 59(e) and for additional findings of fact under M.R. Civ. P. 52(b); and (2) plaintiffs Mazziotti, Bragdon, and Conlee's motion for relief from an order pursuant to M.R. Civ. P. 60(b). For the following reason, the motions are denied.

BACKGROUND

These cases involve wrongful death claims that resulted from a fatal fire at the defendant's Noyes Street apartment building in Portland on November 1, 2014. Plaintiffs are the personal representatives of the estates of five individuals who died in the fire.

On February 26, 2015, the court granted plaintiffs Mazziotti, Bragdon, Thomas, and Conlee's motions to dissolve the ex parte attachment that had been approved by the court on December 2, 2014. Also on February 26, the court granted attachment orders to each of the plaintiffs.

DISCUSSION

1. Plaintiff Summers's Motion for Reconsideration

Plaintiff Summers argues that the court erred when it dissolved Summers's ex parte attachment. Under M.R. Civ. P. 59(e), "[a] motion for reconsideration of the judgment will be treated as a motion to alter or amend the judgment."[1]

---

[1] Plaintiff Summers also requests findings of fact. First, rather than an interrogation of the court, Rule 52 contemplates the party moving for findings will provide proposed findings. See Bell v. Bell, 1997 ME 154, ¶ 6, 697 A.2d 835 ("it is incumbent on the party to set forth specifically any further finding of fact or conclusions of law the party is by motion, pursuant to Rule 52, requesting of the court.")); (see also Pl.'s Mem. 18.) Second, plaintiff Summers's motion addresses an order on a motion to dissolve an ex parte attachment, not an action "tried upon the facts without a jury or with an advisory jury." M.R. Civ. P. 52(a).

2

The court has reviewed the extensive case law cited in plaintiff Summers's motion for reconsideration addressing the issue of the "interest in property" requirement of Rule 4A(h), the focus of the motion for reconsideration.[2] See, e.g., United States v. Sec. Trust & Sav. Bank, 340 U.S. 47, 50 (1950) ("attaching creditor obtains only a potential right or a contingent lien"); Pa. Co. for Ins. v. United R. of H. & R. Warehouses Ltd., 26 F. Supp. 379, 389 (D. Me. 1939) ("In Maine a creditor does not get a property right by attachment."); Fletcher v. Tuttle, 97 Me. 491, 496 (Me. 1903) (purpose of an attachment is to acquire a lien).

The court concludes again plaintiffs Mazziotti, Bragdon, and Thomas had a sufficient interest in property to move for dissolution of the ex parte attachment. M.R. Civ. P. 4A(h) & 4B(j). The text of the rule shows that no motion to intervene is required. Id.

The court agrees it noted at the hearing the inequity of the circumstances of these cases. See Maine Nat'l Bank v. Anderschat, 462 A.2d 482, 484 (Me. 1983) (rejecting argument that court had equitable powers in deciding a motion for dissolution of ex parte attachment). That inequity is highlighted by the facts that although defense counsel has been involved since the very beginning, plaintiff Summers sought an ex parte attachment, which the court concluded was not supported by the affidavit or exhibits. Plaintiff Summers does not address this finding.

---

2 In plaintiff Summers's opposition to the motion to dissolve the ex parte attachment, she cited two cases on this issue, which address the requirement that the owner of property must be given an opportunity to object and to be heard in opposition to an attachment. See Gunter v. Merchants Warren Nat'l Bank, 360 F. Supp. 1085, 1088-89 (D. Me. 1973); Perkins v. McGonagle, 342 A.2d 287, 290-91 (Me. 1975); (Pl. Summers's Opp. Mot. Dissolve 8.) Plaintiff Summers's argument in her eighteen page motion for reconsideration could have been presented in her opposition to the motion to dissolve. See M.R. Civ. P. 7(b)(5); see also M.R. Civ. P. 7(f).

3

Finally, as the other plaintiffs point out, generally an attachment order cannot be retroactively reinstated. See Citizens Bank of N.H. v. Acadia Group, 2001 ME 41, ¶ 13 n.3, 766 A.2d 1021; Horton & McGehee Maine Civil Remedies, § 22-18 at 426 (4th ed. 2004). Equity in this case does not appear to dictate the reinstatement of the attachment. Id.

2. Plaintiffs Mazziotti, Bragdon, and Conlee's Motion for Relief

Plaintiffs Mazziotti, Bragdon, and Conlee (Mazziotti plaintiffs) have moved the court for relief under M.R. Civ. P. 60(b). M.R. Civ. P. 60(b) allows a party to file a motion for relief from an order for:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> . . .
> (6) any other reason justifying relief from the operation of the judgment.

M.R. Civ. P. 60(b). The Mazziotti plaintiffs argue that the court's order dissolving plaintiff Summers's attachment and issuing new attachment orders "has not remedied the unfairness which the moving Plaintiffs believe the Court was trying to remedy."[3] (Pls. Mazziotti, et al. Mem. at 5.)

Plaintiff Thomas, who joined in the motion to dissolve the Summers ex parte attachment, now opposes this Rule 60(b) motion because plaintiff Thomas now enjoys the priority position plaintiff Summers previously enjoyed. Based on the circumstances of this case, however, the requirements for applying judicial estoppel are not present. See HL 1, LLC v. Riverwalk, LLC, 2011 ME 29, ¶ 31, 15

---

3 The Mazziotti plaintiffs argue that "the Court chose not to use the draft order provided by counsel for Mazziotti granting each of the Estates an attachment in a single order . . . ." (Mot. for Rule 60(b) Relief 4.) No proposed order on the motion to dissolve was provided by counsel for plaintiff Mazziotti. Counsel for plaintiff Bragdon provided a proposed order, which stated, "After careful review and consideration, the Court hereby GRANTS/DENIES Plaintiffs DAVID R. BRAGDON and PAMELA B. RHODUS, as Co-Personal Representatives of the Estate of DAVID R. BRAGDON'S Motion to Dissolve."

4

A.3d 725; Me. Educ. Ass'n v. Me. Cmty. Coll. Sys. Bd. of Trs., 2007 ME 70, ¶¶ 17-18, 923 A.2d 914.

The Mazziotti plaintiffs do not cite to any authority that would allow the court to issue a single attachment order that extends to plaintiffs in different cases and over two parties' objections. Plaintiff Summers argues correctly that no equitable considerations are vested in a judge addressing a motion for attachment or a motion to dissolve an ex parte motion for attachment. See Maine Nat'l Bank, 462 A.2d at 484.

The entry is

> Plaintiff Summers's Motion for Reconsideration is DENIED.
>
> The Mazziotti Plaintiffs' Motion for Relief is DENIED.

Date: May 26, 2015

Nancy Mills
Justice, Superior Court

5

THOMAS HALLETT ESQ - *Plff* *slemers)* *( cv. 14. v87 )*
HALLETT WHIPPLE PA
PO BOX 7508
PORTLAND ME 0411-7508

BRADFORD PATTERSHALL ESQ - *Plff Conlee* *( Av. 15-40 )*
18 PLEASANT ST
SUITE 202
BRUNSWICK ME 04011

MICHAEL MARTIN ESQ *Plff -Thomas)* *( cv-15-11 )*
PETRUCCELLI MARTIN & HADDOW
PO BOX 17555
PORTLAND ME 04112-8555

ROBERT FURBISH ESQ *Plff Bbagdon* *( cv-15-25 )*
STEVEN SILIN ESQ
BERMAN & SIMMONS
PO BOX 961
LEWISTON ME 04243-0961

R TERRENCE DUDDY ESQ *Plff Mazzsott.* *( cv-15-07 )*
KELLY REMMEL & ZIMMERMAN
PO BOX 597
PORTLAND ME 04112-0597

JOHN VELLEUX ESQ *def ( all cases)*
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME 04112-4600

STATE OF MAINE
CUMBERLAND, ss

SUPERIOR COURT
CIVIL ACTION
Docket No.  CV-14-487
            CV-15-011
            CV-15-027
            CV-15-029
            CV-15-040

ASHLEY SUMMERS, as the
Surviving Spouse of STEVEN
SUMMERS and the Personal
Representative of the ESTATE
OF STEVEN SUMMERS and
as Parent, Guardian, and Next
Friend of the Minor Children,
AUDRYN SUMMERS and
MALIYAH SUMMERS,

NIKKI J. THOMAS and
LEWIS THOMAS, JR., as
Co-Personal Representatives
of the ESTATE OF ASHLEY
E. THOMAS,

ORDER ON MOTION TO
CONSOLIDATE

LISA LECONTE MAZZIOTTI,
as Personal Representative of
the ESTATE OF NICOLE LYN
FINLAY,

DAVID R. BRAGDON, SR. and
PAMELA RHODUS as Co-
Personal Representatives of the
ESTATE OF DAVID R. BRAGDON,

and

KATHLEEN CONLEE as Personal
Representative of the ESTATE OF
CHRISTOPHER CONLEE

        Plaintiffs

v.

GREGORY NISBET

        Defendant

15 MAY '15 AM 11:19

Pending before the court is plaintiff Conlee's motion to consolidate the above five cases under M.R. Civ. P. 42. For the following reasons, the motion is granted.

BACKGROUND

These cases involve wrongful death claims that resulted from a fatal fire at the defendant's Noyes Street apartment building in Portland on November 1, 2014. Plaintiffs are the personal representatives of the estates of five individuals who died in the fire. Two of the people who died were guests of tenants in the building and three of the people who died were tenants.

DISCUSSION

Plaintiff Conlee moves the court to consolidate the five cases under M.R. Civ. P. 42. Plaintiffs Thomas, Mazziotti, and Bragdon and defendant Nisbet do not oppose the motion to consolidate. Plaintiff Summers opposes the motion.

Rule 42 provides:

**(a) Consolidation.** When actions involving a common question of law or fact are pending before the court, in the same county or division or a different county or division, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

**(b) Separate Trials.** The court in furtherance of convenience or to avoid prejudice may order a separate trial in the county or division where the action is pending, or a different county or division, of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or of any number of claims, cross-claims, counterclaims, third-party claims, or issues.

**(c) Convenience and Justice.** In making any order under this rule, the court shall give due regard to the convenience of parties and witnesses and the interests of justice.

2

M.R. Civ. P. 42. "A motion for consolidation will usually be granted unless the party opposing it can show 'demonstrable prejudice'" Seguro de Servicio de Salud de P.R. v. McAuto Sys. Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989).[1]

All of the cases involve the same defendant, the same types of claims, and the same facts. Plaintiff Summers argues that the cases should not be consolidated because she represents the estate of a guest of a tenant who lived in the building and not a tenant. (Summers Am. Compl. ¶ 14.) Therefore, she argues, her case may present different claims and defenses than the other plaintiffs' claims. There are currently no claims against the other tenants.

Plaintiff Conlee, who has moved for consolidation, also represents the estate of a guest of a tenant. (Conlee Compl. ¶ 6.) Thus, plaintiff Summer's arguments do not appear to apply to consolidation with the Conlee case.

The court concludes that considerations of cost, expediency, and the most economical expenditure of judicial resources require consolidation of these five cases. See Mudgett v. Marshall, 574 A.2d 867, 869 (Me. 1990). Pursuant to Rule 42(b), if and when issues of contributory negligence and cross-claims arise, the court may order separate trials on those issues to avoid prejudice. See M.R. Civ. P. 42(b).

The entry is

> Plaintiff Conlee's Motion to Consolidate is GRANTED. Cumberland County Superior Court Docket Nos. CV-14-487, CV-15-011, CV-15-027, CV-15-029, CV-15-040 are CONSOLIDATED.

---

[1] It is appropriate to look to federal decisions interpreting a federal rule that is similar to Maine's procedural rule. See Bean v. Cummings,, 2008 ME 18, ¶ 11, 939 A.2d 676.

3

Date:  May 15, 2015

Nancy Mills
Justice, Superior Court

CUMBERLAND
CV-14-487
CV-15-011
CV-15-027
CV-15-029
CV-15-040

4

205 Newbury Street, Ground Floor
Portland, ME 04101

JOHN VEILEUX ESQ
NORMAN HANSON & DETROY
PO BOX 4600
PORTLAND ME 04112-4600

*Defendants Attorney*

BRADFORD PATTERSHALL ESQ
LAW OFFICE OF BRADFORD PATTERSHALL LLC
18 PLEASANT STREET SUITE 202
BRUNSWICK ME 04011

*Plaintiffs Attorney CV-15-40*

ROBERT FURBISH ESO
BERMAN & SIMMONS PA
PO BOX 961
LEWISTON ME 04243-0961

*Plaintiffs Attorney CV-15-29*

Portland, ME 04101

TERRENCE DUDDY ESQ
KELLY REMMEL & ZIMMERMAN
PO BOX 597
PORTLAND ME 04112-0597

*Plaintiff's Attorney CV-15-27*

MICHAEL MARTIN ESQ
PETRUCCELLI MARTIN & HADDOW
PO BOX 17555
PORTLAND ME 04112-X555

*Plaintiffs' Attorney CV-15-11*

THOMAS HALLETT ESQ
HALLETT WHIPPLE PA
PO BOX 7508
PORTLAND ME 04112-7508

*Plaintiffs' Attorney CV-14-487*

*mc/*

STATE OF MAINE  
CUMBERLAND, ss

SUPERIOR COURT  
CIVIL ACTION  
Docket No.  CV-14-487  
CV-15-011  
CV-15-027  
CV-15-029  
CV-15-040

ASHLEY SUMMERS, as the  
Surviving Spouse of STEVEN  
SUMMERS and the Personal  
Representative of the ESTATE  
OF STEVEN SUMMERS and  
as Parent, Guardian, and Next  
Friend of the Minor Children,  
AUDRYN SUMMERS and  
MALIYAH SUMMERS,

STATE OF MAINE  
Cumberland ss. Clerk's Office

FEB 26 2015

RECEIVED

NIKKI J. THOMAS and  
LEWIS THOMAS, JR., as  
Co-Personal Representatives  
of the ESTATE OF ASHLEY  
E. THOMAS,

ORDER ON PLAINTIFFS MAZZIOTTI,  
BRAGDON, THOMAS, AND  
CONLEE'S MOTIONS TO MODIFY  
AND/OR DISSOLVE THE ORDER  
GRANTING THE EX PARTE  
ATTACHMENT TO PLAINTIFF  
SUMMERS

LISA LECONTE MAZZIOTTI,  
as Personal Representative of  
the ESTATE OF NICOLE LYN  
FINLAY,

DAVID R. BRAGDON, SR. and  
PAMELA RHODUS as Co-  
Personal Representatives of the  
ESTATE OF DAVID R. BRAGDON,

and

KATHLEEN CONLEE as Personal  
Representative of the ESTATE OF  
CHRISTOPHER CONLEE,

Plaintiffs

v.

GREGORY NISBET,

Defendant

Before the court are plaintiff Mazziotti's motion to dissolve or modify[1] the attachment order granted on plaintiff Summers's ex parte motion for attachment (the Summers attachment) and plaintiff Bragdon's motion to dissolve the Summers attachment. Plaintiffs Thomas and Conlee join in these motions.

Plaintiff Mazziotti asks the court to increase the amount of the attachment ordered and to include plaintiffs Mazziotti, Bragdon, Thomas, and Conlee as plaintiffs in the Summers attachment. Rule 4A(h) provides that an order of attachment may be modified "to limit the attachment to specific property or to order cash or bond to be held by the court as security for the judgment, and to dissolve the prior attachment as to all other property of the defendant." M.R. Civ. P. 4A(h); see Centrix Bank & Trust v. Kehl, 2012 ME 52, ¶ 9 n.2, 40 A.3d 942 (party may seek modification of an attachment order "but only for the purpose of showing that 'specific property or sufficient cash is available to satisfy a judgment' so that the attachment order can be modified to limit or dissolve the attachment accordingly"). Plaintiff Bragdon asks the court to dissolve the Summers attachment. The court treats these motions as motions to dissolve the Summers attachment.

Hearing was held on February 25, 2015. All parties were represented by counsel.

The Summers complaint and motion for ex parte attachment were filed on November 21, 2014. The ex parte motion for attachment was granted by order filed December 3, 2014. An amended complaint was filed on December 16, 2014.

---

1 Plaintiff Mazziotti's motion is styled as a motion to dissolve or modify the Summers order but plaintiff argues that the order should be modified to increase the amount of the attachment and to include the other four plaintiffs. (Mazziotti Mot. 2 and Proposed Order.)

2

Defendant's attorney accepted service on December 31, 2014. After receiving an extension of time to file an answer by order filed February 10, 2015, defendant filed an answer to the amended complaint on February 17, 2015.

The Thomas complaint and motion for attachment were filed on January 6, 2015. Defendant's attorney accepted service on January 13, 2015. After receiving an extension of time to file an answer by order filed February 5, 2015, defendant filed an answer on February 17, 2015. Defendant filed no opposition to the motion for attachment.

The Mazziotti complaint and motion for attachment were filed on January 20, 2015. Defendant's attorney accepted service on January 21, 2015. After receiving an extension of time to file an answer by order filed February 19, 2015, defendant filed an answer on February 17, 2015. Defendant filed no opposition to the motion for attachment.

The Bragdon complaint and motion for attachment were filed on January 21, 2015. An amended complaint was filed on January 26, 2015. Defendant's attorney accepted service on January 26, 2015. Defendant filed an answer to the amended complaint on February 17, 2015. Defendant filed no opposition to the motion for attachment.

The Conlee complaint was filed on January 30, 2015. Defendant's attorney accepted service on January 30, 2015. Defendant filed an answer on February 17, 2015. Although counsel for plaintiff Conlee moved orally for an attachment at the February 25, 2015 hearing[2] and defendant did not object, the court had no

---

2 Counsel for plaintiff Conlee also moved orally to consolidate these cases pursuant to Rule 42. M.R. Civ. P. 42. Plaintiff Summers objected but the other parties did not respond. The court defers ruling until after consideration of any written motion to consolidate and any responses to that motion.

3

affidavits supporting the motion, as required by Rule 4A(c). Since the hearing, plaintiff Conlee filed a written motion for attachment and attachment on trustee process with supporting affidavit.

Counsel for defendant has been involved in this matter from the very beginning. He accepted service on behalf of defendant and filed answers in these five cases.

The circumstances of these cases are unique and unlikely to be repeated. These cases arise from a fire in Portland, Maine on November 1, 2014. Six people died, including Steven Summers, Ashley E. Thomas, Nicole Lyn Finlay, David R. Bragdon, and Christopher Conlee. Potential damages are substantial. Although defendant is defending the lawsuits, he has not opposed plaintiffs Mazziotti, Bragdon, Thomas, and Conlee's motions for attachment of which he had notice.

Based on statements of counsel at the hearing, it appears that defendant has retained a bankruptcy attorney, although no filing has been made. Pursuant to the Bankruptcy Code, the trustee "may avoid any transfer of an interest of the debtor in property . . . made . . . on or within 90 days before the date of filing the petition." 11 U.S.C. §547(b)(4)(A) (2012).

Standing

The court is satisfied plaintiffs Mazziotti, Bragdon, and Thomas, at the time of the hearing, had standing based on their unopposed motions for attachment and attachment on trustee process. M.R. Civ. P. 4A(h) & 4B(j).

Dissolution

Plaintiffs Mazziotti, Bragdon, and Thomas challenge the Summers attachment on the grounds that there was insufficient evidence to support the ex parte grant of the Summers attachment. These plaintiffs have challenged by

4

affidavit the finding of "clear danger" and "immediate danger" in the Summers attachment. See Beesley v. Landmark Realty, Inc., 464 A.2d 936, 937 (Me. 1983).

Generally, "a court order may not be collaterally attacked unless the jurisdiction of the court to make the order is challenged; mere questions of irregularity may not be collaterally attacked." Matson Nav. Co. v. F.D.I.C., 916 P.2d 680, 686 (Haw. 1996); see Carlson v. Rice, 817 F. Supp. 193, 195 (D. Me. 1993). Rule 4A(g) requires that the motion for ex parte attachment "shall be supported by affidavit or affidavits." M.R. Civ. P. 4A(g); see M.R. Civ. P. 4A(i).

In his affidavit in support of the Summers attachment, Attorney Weyrens addresses the required showing for an ex parte order. Attorney Weyrens states defendant has an ownership interest in properties located at 20-24 Noyes Street[3] and 186-192 Dartmouth Street in Portland, defendant was receiving rental payments from the 20 Noyes Street apartment but had not made mortgage payments since 2011, a judgment of foreclosure and sale was entered against defendant on the 20-24 Noyes Street property on July 7, 2014,[4] and defendant has an ownership interest in Downeast Realty Partners, LLC. (Weyrens Aff. ¶¶ 12-15.)

The only argument made by plaintiff Summers in support of the ex parte motion for attachment that is supported by the affidavits, as required by the rule, was that defendant was not paying his mortgage on the Noyes Street property. (Weyrens Aff. ¶ 14.) The status of the Dartmouth property, except for ownership, is not discussed. Based on this record, a valid and final order of

---

3 The Noyes Street numbers in the Weyrens affidavit appear to be incorrect. (Weyrens Aff. ¶ 13.)
4 This judgment was not appealed. (Weyrens Aff. Ex. 10.)

5

foreclosure and sale with regard to the Noyes Street property precludes any danger of defendant's disposing in any way of that property because he no longer has any interest in that property.

Accordingly, plaintiff's argument for an ex parte order is not supported by the affidavit or exhibits. The court concludes this challenge to the order is not merely an irregularity. See Anderson v. Kennebec River Pulp & Paper Co., 433 A.2d 752, 755 (Me. 1981) (requirements in attachment rule "must be strictly complied with since the prejudgment attachment process is in derogation of the common law"); see also Lindner v. Barry, 2003 ME 91, ¶ 4, 828 A.2d 788.

The Law Court has determined, as between a plaintiff and a defendant, that once "the dissolution justice determined, after full notice and hearing, with the burden on the plaintiffs, that they were entitled to a real estate attachment," the "'ex parte need' question did not remain a viable issue." Herrick v. Theberge, 474 A.2d 870, 876 (Me. 1984). The Herrick Court stated further:

> While an intervening lienor might be moved into first place by dissolution of the earlier attachment and substitution of a new and later attachment, such hypothetical third party interest in absence of its assertion is no reason for the court to waste scarce judicial resources in adjudicating a proposition that is moot as between the parties.

Herrick, 474 A.2d at 876. In this case, there are real third parties who assert an interest. Further, in Herrick, the court stated

> In the circumstances of this case, no conceivable purpose is served by returning to the situation prevailing [at the time the ex parte motion was granted] for the dissolution justice to determine anew, and for the Law Court to review, whether a satisfactory reason then existed for the first justice to proceed ex parte.

Herrick, 474 A.2d at 876. In this case, there is a purpose to be served based on the circumstances of the other plaintiffs.

6

The Law Court has determined:

> [a] motion to dissolve the ex parte attachment is treated as the equivalent of a contested motion for attachment after notice, with [plaintiff] as the party seeking the attachment having the burden of establishing by a preponderance of the evidence its entitlement to recovery of an amount equal to or greater than the amount of the attachment.

Trans Coastal Corp. v. Curtis, 622 A.2d 1186, 1188 (Me. 1993). Plaintiffs Mazziotti, Bragdon, Thomas, and Conlee do not dispute plaintiff Summers has shown it is more likely than not she will recover judgment in an amount equal to or greater than the aggregate sum of the attachment and defendant's liability insurance limits.

Based on these circumstances, the court dissolves the order of attachment in favor of plaintiff Summers filed December 3, 2014 and grants, on February 26, 2015, an attachment in favor of plaintiff Summers, including attachment on trustee process, against defendant in the amount of $1,700,000.00.

The clerk is directed to incorporate this order into the docket by reference.

Date: February 26, 2015

Nancy Mills,
Justice, Superior Court

7

Defendants Attorney CV-14-487, CV-15-11, CV-15-27, CV-15-29, CV-15-40
John Veilleux, Esq.
Norman Hanson & Detroy
PO Box 4600
Portland, ME 04112-4600


Plaintiff's Attorneys

CV-15-40
Bradford Pattershall, Esq
Law Office of Bradford Pattershall
18 Pleasant St, Ste 202
Brunswick, ME 04011

CV-15-27
Terrance Duddy, Esq
Kelly Remmel & Zimmerman
PO Box 597
Portland, ME 04112-0597

CV-14-487
Thomas Hallett, Esq.
Hallett Whipple PA
PO Box 7508
Portland, ME 04112-7508

CV-15-29
Berman & Simmons
PO box 961
Lewiston, ME 04243-0961

CV-15-11
Michael Martin, Esq
Petruccelli Martin & Haddow, LLP
PO Box 17555
Portland, ME 04112-8555