STATE OF MAINE                                    SUPERIOR COURT
CUMBERLAND, ss.                                   CIVIL ACTION
                                                  Docket No. RE-2021-088

KEVIN VIOLETTE, PASQUALE F.        )
MAIORINO, and DONNA                )
MAIORINO,                          )
                                   )
              Plaintiffs,          )              **ORDER**
                                   )
     v.                            )
                                   )
TODD VIOLETTE,                     )
                                   )
              Defendant.           )

This matter is before the Court on Defendant Todd Violette's ("Todd") Motion to
Modify Attachment on Trustee Process and Plaintiffs Kevin Violette ("Kevin"), Pasquale
F. Maiorino ("Pat"), and Donna Maiorino's ("Donna") Alternative Motion to Modify
Attachment on Trustee Process. For the following reasons, the Court denies both motions.

I.    **Background**

By order dated September 28, 2021, the Court granted attachment and attachment
on trustee process in the amount of $126,467.28 against Todd's property, credits, bank
accounts, real estate, and personal property ("the Attachment Order").[1] Todd now seeks
modification of the Attachment Order, pursuant to Maine Rule of Civil Procedure 4B(j),
to decrease the amount of the attachment on trustee process from $126,467.28 to
$112,000.00.

Todd presents the following facts in support of his motion. After attachment and
attachment on trustee process was granted, Pat served the Attachment Order on
Connected Credit Union, where Defendant maintains a deposit account ("the CCU

---

[1] The Attachment Order was filed in *Maiorino v. Violette*, CV-21-348 (Me. Super. Ct., Cum. Cnty.), which has
since been consolidated with the present action.

Entered on the Docket: 1/10/2023

REC'D CUMB CLERKS OFC
JAN 9 '23 AM 9:59

Account").[2] Until recently, the CCU Account contained funds in excess of $126,467.28. Todd has been using the excess funds in that account to pay expenses related to two parcels of real property at issue in this matter ("the Properties"), including real estate taxes, insurance premiums, and general maintenance. Todd states that the excess funds remaining in the account will not be sufficient to cover those expenses for this winter, and therefore seeks modification of the Attachment Order to free up funds for those expenses.

Plaintiffs oppose Todd's motion and bring their own motion. Their motion requests that the Court order the release of $10,000 to Kevin to be held in escrow by Plaintiffs' counsel for payment of real estate taxes and maintenance expenses on the Properties. To clarify, Plaintiffs primarily seek outright denial of Todd's motion, but if the Court will not do so, then Plaintiffs request that the Court grant their own "alternative motion."

## II.    Discussion

Maine Rule of Civil Procedure 4B(j) provides the procedure for modifying an existing order of attachment on trustee process. It states:

> Upon motion and notice and a showing by any defendant that specific property or sufficient cash or bond is available to satisfy a judgment as provided in subdivision (d) of this rule, the court may modify an order of attachment on trustee process, whether issued ex parte or after hearing, to limit the attachment to particular goods or credits or to order cash or bond to be held by the court as security for the judgment, and to dissolve the prior attachment as to all other goods or credits of the defendant.

M.R. Civ. P. 4B(j).

The Law Court has held that the Superior Court does not have discretion to modify

---

[2] By order dated December 29, 2021, the Court dissolved all attachments and attachments by trustee process that were authorized by the Attachment Order with the sole exception of the CCU Account, which contained sufficient funds to satisfy the amount of the attachment.

an attachment unless a defendant identifies other adequate and available property or credits. *Liberty v. Liberty*, 2001 ME 19, ¶¶ 16-17, 769 A.2d 845. In *Liberty*, the Superior Court modified an existing attachment to release $15,000 for the defendant to pay his criminal defense counsel's retainer. *Id.* The Law Court vacated that portion of the order because the defendant had not made a showing of other adequate funds or property to provide for the amount of the attachment. *Id.* ¶ 18; *see also Centrix Bank & Tr. v. Kehl*, 2012 ME 52, ¶ 9 n.2, 40 A.3d 942 ("Pursuant to M.R. Civ. P. 4A(h) and 4B(j), a party may seek the modification of an attachment order or trustee process . . . but only for the purpose of showing that 'specific property or sufficient cash or bond is available to satisfy a judgment'. . . .").

Todd has not made or attempted to make a showing that other property is available to satisfy a judgment. Accordingly, the Court must deny his motion. Because the Court denies Todd's Motion, it also denies Plaintiffs' Alternative Motion.

## III. Conclusion

For the foregoing reasons, the Court denies both pending motions.

The entry is:

1. Defendant Todd Violette's Motion to Modify Attachment on Trustee Process is DENIED; and

2. Plaintiffs' Alternative Motion to Modify Attachment on Trustee Process is DENIED.

The Clerk is directed to incorporate this Order into the docket by reference pursuant to Maine Rule of Civil Procedure 79(a).

Dated: 1/9/23

MaryGay Kennedy, Justice
Maine Superior Court